# DAVID L. PETERSON *v.* CHARLES R. FRAZIER.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED OCTOBER 8, 1907.        DECIDED OCTOBER 25, 1907.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

LANDLORD AND TENANT—*constructive eviction.*

> In the absence of an express covenant by the landlord to repair, a tenant leasing a house lot with buildings thereon is not relieved of his liability to pay rent by abandoning the premises on the ground that the buildings have become so insanitary as to be uninhabitable.

ID.—*reletting—surrender.*

> Reletting the premises after abandonment by a tenant is not acquiescence in a surrender when accompanied by express disclaimer of this intent.

### OPINION OF THE COURT BY BALLOU, J.

The plaintiff leased to the defendant a houselot and buildings thereon for the term of one year from November 1, 1903, with the privilege of an extension for one year on the same terms and conditions. Before the expiration of the first year the defendant found that the pipe from the old-fashioned water closet was leaking and that repairs according to the regulations of the board of health would necessitate new plumbing. He complained to the landlord's agent that the premises were insanitary and employed a plumber who pronounced repairs impracticable. On November 1, 1904, defendant paid a quarter's rent in advance and on February 2, 1905, a month's rent in advance but quit the premises during the month of February. In the following April plaintiff brought this action in the district court of Honolulu to recover

$55, being the rent for March and April. The tenant defended on the grounds of fraudulent concealment by the landlord of the untenantable condition of the premises, constructive eviction, and acceptance of the surrender by the landlord. Plaintiff obtained judgment in the district court and again on appeal before a jury in the circuit court. Defendant brings exceptions.

Neither fraudulent concealment nor constructive eviction is possible where, as in this case, the defects complained of were known to the tenant and made the subject of complaint before the expiration of the original lease, and the tenant elected to hold over for another year. He had the option of quitting at the end of the term and thus relieving himself from further responsibility for all rent. It is true that he claims to have held over only on condition that repairs should be made as promised by the landlord's agent, but this was denied by the latter and the issue as to whether the holding over was under the privilege of extension or under new terms and conditions was left to the jury.

The lease contained a covenant that the lessee should keep the premises in good condition and repair, but it is wholly immaterial to the present action whether or not the necessary reconstruction of the plumbing came within that covenant. The defendant's theory seems to have been that if he was not bound to repair it follows that the landlord was, and upon the latter's failure, resulting in an untenantable condition of the premises, he could move out without further liability for rent. All of this is opposed to the elementary law of landlord and tenant. In the absence of an express covenant the landlord is not obliged to repair, nor is he responsible for the uninhabitable condition of the premises. The lease being for the lot with the buildings thereon, a complete destruction of the house would have been no defense to an action for rent. Taylor, Landlord & Tenant, Sec. 329; Jones, Landlord & Tenant, Secs. 574, 576, 588; *Silveira v. Ahlo,* 16 Haw. 309.

The trial court at first refused but afterwards admitted evidence that the plaintiff had let the premises to another a month before the expiration of the term. This if unexplained might be evidence of the acceptance of a surrender, but the evidence is undisputed that the landlord's agent consistently notified the defendant that he was being held liable for the rent, that the plaintiff wrote defendant that his endeavors to get a tenant were upon the express understanding and condition that the defendant was not to be released until he could get some one else to take the place on equivalent terms. That a letting under these circumstances is not an acceptance of the tenant's surrender is a rule resting upon sound principles of policy. Wood, Landlord & Tenant, 2d Ed. 1176, Jones, Landlord & Tenant, Sec. 549.

It is hardly necessary to refer to defendant's attempts to show that prior to the execution of the original lease the plaintiff had conveyed the premises to a third party. A tenant cannot deny the title of the landlord under whom he took possession. The distinction between this and a subsequent assignment of the reversion is obvious.

An application of the foregoing principles disposes of all the material exceptions.

Exceptions overruled.

*C. F. Peterson* for plaintiff.

*E. C. Peters* for defendant.